**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

C. A. NO:

KENNETH R. TALLEY,
JANICE A. TALLEY, and
KRISTINA K. TALLEY,
     PLAINTIFFS,

*vs.*

JUDITH C. HORN, DARREN W. HORN, SR.,
DARREN W. HORN, JR., KEVIN R. TALLEY,
COURT OF CHANCERY OF THE STATE OF
DELAWARE, PATRICIA W. GRIFFIN,
SUPERIOR COURT OF THE STATE OF
DELAWARE, JUDGE MARK H. CONNER,
COMMUNITY LEGAL AID SOCIETY, INC.,
OLGA BESKRONE, SERGOVIC CARMEAN
WEIDMAN MCCARTNEY OWENS, P.A.,
DAVID WEIDMAN, and ROB BOOK, PRESIDENT
OF DELAWARE ELECTRIC COOPERATIVE, INC.

     DEFENDANTS.

Court Below: Delaware Supreme Court

C. A. NO: 53,2023

**23 - 324**

2023 MAR 23  PM 3: 49

**CIVIL ACTION**

**COMPLAINT**

Kenneth R. Talley, *pro se*
28289 Broadkill Road
Milton, DE 19968

Janice A. Talley, *pro se*
28289 Broadkill Road
Milton, DE 19968

Kristina Karen Talley, *pro se*
28289 Broadkill Road
Milton, DE 19968

Submitted: March 23, 2023

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

## TABLE OF CONTENTS

TABLE OF CITATIONS ........................................................................................................................... iii

A. COMPLAINT ...................................................................................................................................... 4

B. PARTIES ............................................................................................................................................. 4

C. FACTS PERTAINING TO THE PARTIES ........................................................................................ 8

D. FACTS PERTAINING TO THE CASE ............................................................................................ 10

E. LAW AND ANALYSIS ..................................................................................................................... 25

F. CAUSES OF ACTION ...................................................................................................................... 27

    1.    Violations of Plaintiffs' Fifth Amendment Rights ..................................................................... 27

    2.    Civil Conspiracy and/or Collusion ........................................................................................... 28

    3.    Fraud and Misrepresentation ..................................................................................................... 29

    4.    Elder Abuse Pursuant to Delaware Law TITLE 31, Chapter 39 ............................................... 31

    5.    Intentional Infliction of Emotional Distress ............................................................................. 32

APPENDIX ............................................................................................................................................. 34

DEMAND FOR JURY TRIAL ............................................................................................................... 35

DESIGNATION OF TRIAL ................................................................................................................... 35

CERTIFICATE OF SERVICE ................................................................................................................ 36

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

## TABLE OF CITATIONS

**Cases, Rules, Statues, Laws, and Miscellaneous**

| | |
|---|---|
| 14th Amendment | 25 |
| 18 USC 242 | 25 |
| 28 USC 1331 | 26 |
| 42 USC 1983 | 23 |
| 42 USC 1983 Denial of Rights Under Color of Law | 25 |
| Delaware Law TITLE 31, Chapter 39 | 26, 32 |
| Fifth Amendment to the United States Constitution, as incorporated to the States through the 14th Amendment | 25, 27 |
| Fifth and 14th Amendments | 23, 27, 28 |
| *Johnson v. Avery* | 20 |
| U.S. Const., Amdt. 14, § 1 | 25 |

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

KENNETH R. TALLEY,                 )
JANICE A. TALLEY,  and            )
KRISTINA K. TALLEY,             )
                                  )
     PLAINTIFFS,                )
                                   )   **C.A. NO.**
          vs.                   )
                                   )
JUDITH C. HORN, DARREN W. HORN, SR., )
DARREN W. HORN, JR., KEVIN R. TALLEY, )
COURT OF CHANCERY OF THE STATE OF )
DELAWARE, PATRICIA W. GRIFFIN,    )
SUPERIOR COURT OF THE STATE OF     )
DELAWARE, JUDGE MARK H. CONNER,   )
COMMUNITY LEGAL AID SOCIETY, INC.,  )
OLGA BESKRONE, SERGOVIC CARMEAN  )
WEIDMAN MCCARTNEY OWENS, P.A.,    )
DAVID WEIDMAN, and ROB BOOK,      )
PRESIDENT OF DELAWARE ELECTRIC
COOPERATIVE, INC.

     DEFENDANTS.

## A. COMPLAINT

COMES NOW the plaintiffs, Kenneth R. Talley, Janice A. Talley, and Kristina K. Talley, *pro se*, and file

this Complaint against the defendants as follows:

## B. PARTIES

1.   Plaintiff, Kenneth R. Talley, is an individual representing himself pro se with residence located

at 28289 Broadkill Road, Milton, Delaware 19968. Plaintiff, Kenneth R. Talley, is hereinafter referred to as the

same, "Ken," "Ken Talley," or plaintiff.

2.   Plaintiff, Janice A. Talley, is an individual representing herself pro se with residence located at

28289 Broadkill Road, Milton, Delaware 19968. Plaintiff, Janice A. Talley, is hereinafter referred to as the same,

"Janice," "Janice Talley," or plaintiff.

3.   Plaintiff, Kristina K. Talley, is an individual representing herself pro se with residence located at

28289 Broadkill Road, Milton, Delaware 19968. Kristina lives with her parents serving as DPOA. Plaintiff,

Kristina Talley, is hereinafter referred to as the same, "Kristina Talley", "Kristina," or plaintiff.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

4. Defendant, Judith C. Horn, is the daughter of the plaintiffs, Kenneth, and Janice Talley, with primary place of residence at: 719 Route 12, Westmoreland, New Hampshire 03467-4727. This defendant, at all times mentioned herein, acted as the agent. Defendant, Judith Horn, may be served summons at her primary place of residence: 719 Route 12, Westmoreland, New Hampshire 03467-4727. Defendant, Judith C. Horn, is herein after referred to as the same, "Judith Horn" "Judy Horn," "Judy" or defendant.

5. Defendant, Darren W. Horn, Sr., is married to defendant Judith Horn and is the son-in-law of the plaintiffs, Ken, and Janice Talley, with primary place of residence at: 719 Route 12, Westmoreland, New Hampshire 03467-4727. Defendant, Darren Horn Sr., may be served summons at his primary place of residence: 719 Route 12, Westmoreland, New Hampshire 03467-4727. Defendant, Darren Horn, Sr., is herein after referred to as the same, "Darren Horn, Sr.," "Darren Sr." or defendant.

6. Defendant, Darren W. Horn, Jr., is the son of Judy and Darren Horn, Sr., and the grandson of the plaintiffs, Ken, and Janice Talley, with primary place of residence at: 42 Spring Street, Spofford, New Hampshire 03462-4202. This defendant, at all times mentioned herein, acted through Judy as her agent: Defendant, Darren Horn Jr., may be served summons at his primary place of residence: 42 Spring Street, Spofford, New Hampshire 03462-4202. Defendant, Darren Horn, Jr., is herein after referred to as the same, "Darren Horn, Jr.", "Darren Jr." or defendant.

7. Defendant, Kevin R. Talley, is the son of the plaintiffs, Ken, and Janice Talley, with primary place of residence at: 2593 Shaws Corner Road, Clayton, Delaware 19938-3223. This defendant, at all times mentioned herein, acted through Judy as her agent: Defendant, Kevin Talley, may be served summons at his primary place of residence: 2593 Shaws Corner Road, Clayton, Delaware 19938-3223. Defendant, Kevin Talley, is herein after referred to as the same, "Kevin Talley" "Kevin" or defendant.

8. Defendant, Court of Chancery of the State of Delaware, is a Delaware government entity with primary offices located at: 34 The Circle, Georgetown, Delaware 19947. This defendant, at all times mentioned herein, acted through its agents: Master in Chancery Patricia W. Griffin and court employees. Defendant, Court of Chancery of the State of Delaware, may be served summons on the Clerk of the Court at its primary place of business: 34 The Circle, Georgetown, Delaware 19947. Defendant, Court of Chancery of the State of Delaware,

is hereinafter referred to as the same, "Court of Chancery of the State of Delaware," "the Court," "Master in Chancery Patricia Griffin," "Master Griffin" or defendant.

9.     Defendant, Master in Chancery Patricia W. Griffin, is a recently retired Master in Chancery who presided at the Court of Chancery of the State of Delaware with primary offices located at: 34 The Circle, Georgetown, Delaware 19947. This defendant, at all times mentioned herein, acted as an agent of the Court of Chancery of the State of Delaware and through court employees. Defendant, Master in Chancery Patricia W. Griffin, may be served summons at her current residence located at: 18543 Foxfield Lane, Lewes, Delaware 19958-3948. Defendant Master in Chancery Patricia W. Griffin, is hereinafter referred to as the same, "Master in Chancery" "Master Griffin," "Court of Chancery of the State of Delaware," "Court of Chancery," or defendant.

10.     Defendant, Superior Court of the State of Delaware, is a Delaware government entity with primary offices located at: 1 The Circle #2, Georgetown, Delaware 19947. This defendant, at all times mentioned herein, acted through its agents: Judge Mark H. Conner and court employees. Defendant, Superior Court of the State of Delaware, may be served summons on the Court Prothonotary Myrtle A. Thomas, at its primary place of business: Superior Court of the State of Delaware, 1 The Circle #2, Georgetown, Delaware 19947. Defendant, Superior Court of the State of Delaware, is hereinafter referred to as the same, " Superior Court of the State of Delaware," "the Court," "Delaware Superior Court," "Superior Court," "Judge Conner" or defendant.

11.     Defendant, Judge Mark H. Conner, is a judge who presides at the Superior Court of the State of Delaware with primary offices located at: 1 The Circle #2, Georgetown, Delaware 19947. This defendant, at all times mentioned herein, acted as an agent of the Superior Court of the State of Delaware and through court employees. Defendant, Judge Mark H. Conner, may be served summons at his primary place of business located at: Superior Court of the State of Delaware, 1 The Circle #2, Georgetown, Delaware 19947. Defendant Judge Mark W. Conner, is hereinafter referred to as the same, "Judge Conner," "Superior Court of the State of Delaware," "Delaware Superior Court" or defendant.

12.     Defendant, Community Legal Aid Society, Inc., is a corporation providing free legal services in Delaware located at: 100 W. 10th Street, Suite 801, Wilmington, Delaware 19801. Defendant, Community Legal Aid Society, Inc., may be served at the office of Attorney William Chapman located at: Potter Anderson

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Corroon, LLP, 1313 North Market Street, Wilmington, DE 19801. Defendant, Community Legal Aid Society, Inc., is hereinafter referred to as the same, "Community Legal Aid Society, Inc.," "Legal Aid," "CLASI" or defendant.

13.   Defendant, Olga Beskrone, is an attorney with residence located at: Pinecrest, 2 Pinecrest Drive, Wilmington, Delaware 19810-1414. Defendant, Olga King Arthur Beskrone, Lawyer, Current Employer Address: 1518 Walnut St Ste 800 Law Offices, Of Keelin S Barry, Philadelphia, Pennsylvania, 19102. Previous Employer Community Legal Aid Society, Address: 100 W 10th St Ste 801, Wilmington, DE 19801. Based on our family genealogy records, we are related to Olga King Arthur Beskrone. Olga's Beach House Address: 604 Central Ave, Ocean City, New Jersey, 08226; Olga's Address in Pinecrest, located just off of Zebley Rd, Garnet Valley, Pennsylvania, 19060; Ken and Janice Talley's have Family members that also live on Zebley Road, Defendant, Olga Beskrone, may be served summons at her home located at: 2 Pinecrest Drive, Wilmington, Delaware 19810-1414. Defendant, Olga Beskrone, is hereinafter referred to as the same, "Olga," "Attorney Beskrone," "Community Legal Aid Society, Inc.," "CLASI," or defendant.

14.   Defendant, Sergovic Carmean Weidman McCartney & Owens, P.A., is a law firm with primary offices located at: 25 Chestnut Street, Georgetown, Delaware 19947. Defendant, Sergovic Carmean Weidman McCartney & Owens, P.A., may be served summons through its attorney, David Weidman, at his primary place of business: 25 Chestnut Street, Georgetown, Delaware 19947. Defendant, Sergovic Carmean Weidman McCartney & Owens, P.A., is herein after referred to as the same, "Sergovic Carmean," "David Weidman," "Attorney Weidman," or defendant.

15.   Defendant, David Weidman, is an attorney with primary offices located at: 25 Chestnut Street, Georgetown, Delaware 19947. Defendant, David Weidman, Lawyer, Previous Employer: Hudson, Jones, Jaywork & Fisher Partner Oct 16, 2012 - Apr 19, 2020; Previous Employer Address: 100 N Bedford Street, Georgetown, Delaware, 19947, Home Address: 30806 Mills Ridge Road, Lewes, Delaware, 19958; Corporate Filings The Lohmeyer Group, LLC, Filing Office Name Secretary Of State/Corporations; Defendant, David Weidman, may be served summons at his current residence located at 30806 Mills Ridge Road, Lewes, Delaware,

19958. Defendant, David Weidman, is hereinafter referred to as the same, "Attorney Weidman," "Sergovic Carmean Weidman McCartney & Owens, P.A.," "Sergovic Carmean" or defendant.

16.   Defendant, Rob Book, is the President of Delaware Electric Cooperative, Inc., a company who provides electricity in the State of Delaware. The company is located in Sussex County with primary offices located at: 14198 Sussex Highway, Greenwood, Delaware 19950. This defendant, at all times mentioned herein, acted as an agent of Delaware Electric Cooperative, Inc. and through company employees. Defendant, Company President Rob Book, may be served summons at his primary place of business located at: 14198 Sussex Highway, Greenwood, Delaware 19950. Defendant, Company President Rob Book, is hereinafter referred to as the same, "electric company," "utility company," "utility provider," "Delaware Electric Cooperative, Inc.," "Rob Book," or defendant.

## C. FACTS PERTAINING TO THE PARTIES

17.   Plaintiff Kenneth R. Talley, is a United States citizen and resides in Sussex County in the State of Delaware. He is 86 years old and has been married to Janice A. Talley for 63 years.

18.   Plaintiff Janice A. Talley, is 81 years old and is a United States citizen and resides in Sussex County in the State of Delaware. She stays at a senior living facility after being forced to leave home.

19.   Ken and Janice Talley are the parents of five children: Judith Horn, Robin Talley, Janice "Pinky" Talley, Kevin Talley, and Kristina Talley. A sixth child, twin Kenny, drowned at 20 months old.

20.   Plaintiff Kristina Talley, is the youngest daughter of Ken and Janice Talley. She is a United States citizen and she also resides at 28289 Broadkill Road in Milton, Delaware.

21.   Plaintiffs Ken and Janice Talley are cared for by a man named Kurt Costello. He has been their elder caregiver for approximately ten years and he has been living in the family home since 2015.

22.   Plaintiffs Ken and Janice Talley reside at the property located at 28289 Broadkill Road in Milton, Delaware is hereinafter referred to as the same or their "family home." Ken and Janice Talley have lived there for the past 33 years. It is a very desirable property since it is within a few miles of the beach along the coast of Delaware.

23.   Defendant Judith Horn is the eldest daughter of Ken and Janice Talley. She has been a

professional in the real estate business since 1984 along with her husband, Darren Horn, Sr.

24. Defendant Darren Horn, Sr. is a real estate expert and businessman with other investments in Delaware and in New Hampshire where he lives with his wife.

25. Defendant Darren Horn, Jr. is the 38-year old son of Judy and Darren Horn, Sr. and the grandson of plaintiffs Ken and Janice Talley. He lives in New Hampshire and suffers from severe drug and alcohol addiction.

26. Defendant Kevin Talley is 51 years old and is the youngest son of Ken and Janice Talley. He is a plumbing contractor operating without a license for his business in Clayton, Delaware, north of his parents.

27. Defendant, the Court of Chancery of the State of Delaware, is a government entity with main offices located in Dover, Delaware. This court functions as a traditional court of equity to determine whether specific enforcement of an agreement is warranted. Plaintiffs were involved in proceedings in this court.

28. Defendant, Master in Chancery Patricia W. Griffin is a recently retired court master who presided in the Court of Chancery in Georgetown, Delaware. She served five years as Master in Chancery and retired on December 1, 2022 after 30 years with the Delaware Judiciary.

29. Defendant, Superior Court of the State of Delaware, is a government entity located in Georgetown, Delaware. Plaintiffs were involved in court proceedings in this court as well.

30. Defendant, Judge Mark H. Conner, is a judge who presides in the Superior Court of the State of Delaware. He ruled that Ken, Kristina, and Kurt were to be ejected by force after March 17, 2023.

31. Defendant, Community Legal Aid Society, Inc. (CLASI), is a corporation that offered free legal representation to Ken and Janice Talley as elderly citizens. They are a private company made up of lawyers based in Dover, Delaware and are funded by Housing and Urban Development (HUD).

32. Defendant, Olga Beskrone, is an attorney who worked for Community Legal Aid Society, Inc., and represented Ken and Janice Talley in their legal proceedings.

33. Defendant, Sergovic Carmean Weidman McCartney & Owens, P.A., is the law firm in Georgetown, Delaware, that represented Judy and Darren Horn, Sr. in their efforts to eject Judy's parents, plaintiffs Ken and Janice Talley, from their family home.

34.  Defendant, David Weidman, is a family law attorney with Sergovic Carmean

Weidman McCartney & Owens, P.A., who represented Judy and Darren Horn, Sr. in their efforts to eject Judy's

parents, plaintiffs Ken and Janice Talley, from their family home.

35.  Defendant, Rob Book, President of the Delaware Electric Cooperative, Inc., knows that his utility

company is the only electricity provider available to the plaintiffs at their residence near Broadkill Beach in

Delaware. By turning off the electricity at Judy's request, the utility company has acted on behalf of Judy and

Darren Horn, Sr., in their efforts to forcefully eject Judy's parents, plaintiffs Ken and Janice Talley, from their

family home. Defendant, Rob Book is the President of the Delaware Electric Cooperative, Inc., the utility

provider that turned off the electricity at Judy's request. The company president has acted on behalf of Judy and

Darren Horn, Sr., in their efforts to forcefully eject Judy's parents, plaintiffs Ken and Janice Talley, from their

family home.

### D. FACTS PERTAINING TO THE CASE

36.  Plaintiff Ken Talley is 86 years old and a citizen of the United States of America. He has been

a long time resident of the town of Milton which is in Sussex County in the State of Delaware.

37.  Ken Talley and his wife, Janice Talley, live at 28289 Broadkill Road in Milton, Delaware which

is hereinafter referred to as the "family home." They have lived there for over 33 years.

38.  Plaintiff Janice Talley, is 81 years old and is also a citizen of the United States of America. She

has serious health issues and is currently staying at a senior living facility.

39.  The family home of Ken and Janice Talley is very desirable because it is located only a few

miles from the beach on the coast of Delaware. The current value of this property is $253,600.

40.  Mr. Talley was forced to quit school in the sixth grade after his mother died. Ken had been

a skilled tradesman and qualified technician in remodeling and mechanical work since 1985, working "under

the table" for his daughter and her husband, defendants Judy and Darren Horn Sr.

41.  Ken is now retired and his income is approximately $12,828 annually from Social Security. He

is severely hearing-impaired and suffers from PTSD after a massive heart attack he suffered in 2015.

42.  Janice Talley's income is approximately $9,600 annually from Social Security. She is currently

staying in a senior living facility after being physically and forcefully ejected from the family home.

43.  Ken and Janice's daughter, plaintiff Kristina Talley is 48 years old and also lives in the family home. She has done manual construction labor and restaurant work "under the table" for her sister Judy.

44.  Kristina Talley's current income is approximately $29,900 from insurance disability payments due to being diagnosed with a rare disease.

45.  Plaintiffs Ken and Janice Talley are cared for by a man named Kurt Costello. He has been their elder caregiver and living in the family home since 2015. He has done manual construction labor and restaurant work "under the table" for Judy and her husband, Darren Horn Sr.

46.  Judy and Darren Horn Sr. have been in the real estate business since approximately 1985 when they began flipping houses for a living, doing business as Horn Property Management. They have also owned several other businesses including the Summit Steakhouse and Saloon and currently the Summit Winery. Their current combined annual income is estimated at $315,000.

47.  It was on or about November 22, 1989 when plaintiffs Ken and Janice Talley purchased their family home from the Burton Family. Paris Burton wanted to help them out after Ken worked on his farm. Patricia Burton sold the house to Ken and Janice Talley for $36,000.

48.  In 1989, Judy owed $29,798 to Ken for work he completed. Ken and Janice Talley were focused on owning their own home, they made the down payment on the property, in the amount of one thousand dollars. Ken and Janice Talley entered into a verbal contract agreement with Judy and Darren Horn Sr. that Ken and Janice would make all the mortgage payments to the bank, pay the homeowners insurance, property taxes, and keep the property maintained, as well as do remodel work on properties for Judy and Darren Sr.  Judy agreed to take cash directly from Ken and/or apply the work he completed as a direct cash payment.

49.  Having considerable real estate experience, Judy convinced her parents to incorporate herself and her husband, Darren Horn, Sr. to be included on the legal documents. Judy gave her parents the reasoning that due to their bankruptcy, (Bankruptcy Filed 06-1986, Case# 8603015), they could never qualify for a loan. In the same year they were told by Judy that they were unable to qualify for a loan on their own, they have physical evidence to show that they were able to get a loan in 1989.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

50.  In 1991, after just one year, Judy raised the price of their family home. Judy stated that the price of their family home had unexpectedly increased due to the remodeling work completed, which was paid for and completed by Ken Talley. First, they paid to remodel their home which resulted in an increased real estate value, then they were asked to pay again when suddenly the price of their home was increased in the agreement.

51.  In September 1992, Judy and Darren Sr. signed the agreement to document Ken and Janice Talley's ownership and acknowledge the payments they had received from Ken and Janice Talley. Judy had already breached their original verbal contract by adding $11,250, which is an increase of 31.25 % in just one year. All parties signed the agreement for a total amount of $47, 250. Logically, Ken and Janice Talley's bankruptcy had not disappeared just one year later. In 1991 the agreement was drafted, and in September of 1992, when the agreement was signed and executed by all parties, Ken and Janice Talley signed the document with the intent that they were the true owners based on the payments they made to the bank and Judy. On February 14, 1993, Ken and Janice Talley made a final cash payment of $350.00 to complete paying for their family home. Total payments were made in the amount of $47, 267. **(EXHIBIT A)**

52.  Judy and Darren Horn Sr. are expert real estate investors. The original deed document to the property listed four names listed as the parties of the second part, Judy and Darren Horn Sr., Ken Talley and Janice Talley were all listed on the deed as purchasers. Ken and Janice Talley's names were removed from the original deed document by Judy and Darren Horn Sr. In 1992, Ken and Janice Talley knew they were being taken advantage of when the price of their family home was increased by their daughter, Judy Horn.

53.  In 1993, after they had paid the balance per the agreement, Judy kept telling her parents that they were secure and it "really wasn't necessary" to include their name on the legal documents. Ken and Janice Talley were not comfortable with their names being removed from the original deed document or Judy's actions. However, they care for their daughter Judy and all of their children, so they continued to financially help Judy as well as their other children. They also kept notes and records of all payments made to the bank and directly to Judy.

54.  Ken worked for Judy and Darren Sr. for over thirty years, which is before and after the family

12

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

home was paid for by Ken and Janice. Judy insisted that they must keep the property her name and repeatedly used the real estate as collateral. Judy verbally swore to her parents that they were secure and would live in their family home until they passed away. Ken and Janice Talley trusted their daughter.

55.  Judy Horn is fiscally irresponsible. She has spent money without regard to her financial income and her husband Darren Horn Sr. has never been able to control her spending.

56.  In their effort to help Judy financially, Ken and Janice Talley continued to make the mortgage payments to Delaware National Bank until 1999. As agreed, they paid all mortgage payments directly to the bank for a total amount of $40,662. Judy continually insisted that she was struggling financially. Ken worked for Judy without receiving payment for his work and he continued to make cash payments directly to Judy for more than thirty years after their family home was actually paid in full in 1993. **(EXHIBIT A)**

57.  Over the years, Ken and Janice kept records of all of the cash payments they made to Judy and Darren Sr. Ken and Janice kept track of the manual labor that Ken did to help them remodel their properties.

58.  Ken and Janice trusted their eldest daughter, Judy, and her husband, Darren Horn, Sr. They were unaware that Judy was keeping her real estate options open to sell the family home for a profit.

59.  Defendants Judy, Darren Sr., and Darren Jr. refinanced the family home so they could use the money. They took out a home equity loan on the property in December 2004 for $82,000 and another home equity loan in February 2007 for $92,500.

60.  Darren Horn, Sr., signed the first home equity loan and Darren Horn, Jr., forged his father's signature on the second home equity loan in February 2007. Darren Jr. has a severe drug and alcohol addiction. He has engaged in criminal possession and distribution of narcotics and other illegal activity.

61.  Judy and Darren Horn, Sr. used the real estate property as collateral in many financial transactions and borrowed against it for a total of $174,500. During these transactions, signatures were forged, Power of Attorney documents contain invalid dates and other discrepancies occurred.

62.  Ken and Janice Talley are the true owners of their family home in Milton, Delaware.

63.  Ken Talley has filed a Mechanic's Lien, C.A. No. S23L-03-002-RHR), to collect 38 years of

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

unpaid wages for skilled labor and projects completed by Ken at many properties for Judy in her real estate, restaurant, and winery businesses. Ken Talley has completed $330,586 in skilled labor for Judy Horn. Overall, Ken and Janice Talley paid a total of $377,853 for their home between 1989-2023. **(EXHIBIT A)**

64.   Judy and Darren Sr. are engaged in **tax fraud** since they have never reported Ken and Janice Talley's cash payments as income, nor were they giving Ken a wage or 1099 each year to report his work as a business expense.

65.   Ken and Janice have experienced marital difficulties, and Judy becomes angry. Judy told her parents they were mentally incapable of making their own decisions. Janice was harassed by Judy and physically forced to relocate. Janice was not having any health issues when forced her to leave their family home.

66.   As a result of the emotional distress and physical stress from being forced to leave her home, Janice has developed Parkinson's disease. The cause of Parkinson's disease is unknown. The neurological impact from the suffering and elderly abuse plays a role in the diagnosis. Janice has increased pain from five hernias. She also has suffered additional pain from worsened hypertension, COPD, and cardiac conditions since that time. She has been in and out of nursing homes and rehab facilities and now has temporary accommodations in a senior living facility as a result of the elderly abuse.

67.   Ken explained to Judy that they were not leaving their family home under any condition. Due to the fact that Ken and Janice paid Judy. Judy had verbally swore in December of 1999 that Ken and Janice, her father and mother, would remain secure in their home until they passed away. However, today, Judy, Darren Sr., Darren Jr., and Kevin have experienced serious financial difficulties.

68.   Judy and Darren Horn, Sr. paid off the additional loans they owed on the family home. Today they want to sell the family home out from under Ken and Janice and pocket the money. Judy has decided to breach the verbal contract she had made with her parents as well as their signed agreement.

69.   Unbeknownst to the plaintiffs, Judy, Darren Sr., Darren Jr., and Kevin Talley began to collude in a schemed plan to get Ken and Janice to move out permanently. They had succeeded in removing Janice from the property and now they were determined to get Ken out.

70.   Darren Horn, Jr. was sending brochures of nursing homes in the mail to harass, coerce

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

and intimidate his grandparents. Darren Jr. engaged in elderly abuse by sending hurtful, abusive, and disparaging messages using the phone and social media. Please see video included on USB. **(EXHIBIT B)**.

71.  In March 2020, Judy hired Parkway Law to evict her parents as a landlord-tenant dispute in the Justice of the Peace Court nearby in Sussex County, Delaware.

72.  Ken and Janice Talley are low income citizens, they contacted Community Legal Aid Society, Inc. (CLASI) in May, 2020. CLASI Attorney Beskrone agreed to represent them. Attorney Beskrone submitted a letter to the Court saying that it was not a landlord-tenant situation. There was no eviction. Attorney Beskrone knew that Ken and Janice were the true owners of the family home.

73.  In late 2020, Darren Horn, Jr. took his grandmother Janice Talley to dinner and told her that if she went along with the fight to stay in their family home, she would never see him or her great-granddaughter again. Janice suffered mental anguish and emotional distress from his direct verbal threats and separation, remoteness, loneliness, seclusion, inaccessibility, sequestration, and isolation.

74.  In January 2021, Attorney Beskrone filed a notice of Lis Pendens. Later on, she filed for an "equitable life estate or constructive trust" under Delaware laws in the Court of Chancery. Ken and Janice Talley did not agree with Attorney Beskrone's actions and did not understand what she filed on their behalf.

75.  During depositions taken in March 2021, Judy and accused her parents of child abuse. This type of testimony was irrelevant in a real estate dispute, Attorney Beskrone did not object when these accusations were brought up. From that time on, Attorney Beskrone believed that Ken and Janice had been abusive to their children. She also was not advising the Court of plaintiffs' income and was not objecting when Attorney Weidman refused to produce income information or tax returns for his clients.

76.  Attorney Weidman and Sergovic Carmean were aware that Judy and Darren Horn Sr. have been failing to report the income on their taxes by not including cash payments received from the plaintiffs or provide a 1099 for wages that were to be paid to Ken for over 30 years.

77.  In 2021, Attorney Beskrone failed to introduce the plaintiff's evidence properly to the court and then closed the window of opportunity to present any further evidence in the case without any notification to Ken and Janice. Olga Beskrone did not submit crucial evidence for the trial to be held in the Court of Chancery.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

78.   Plaintiffs were repeatedly turned down when they asked to meet in person to review evidence and frustrated with the lack of performance by their Attorney Beskrone. She was non-compliant with court orders for production of documents.

79.   Ken and Janice Talley tried on several occasions to meet with Attorney Beskrone, she would not meet with them. In September 2021, they gave Attorney Beskrone a list of questions and asked her to respond in writing, Attorney Beskrone refused.

80.   Ken and Janice knew that Attorney Beskrone was giving them ineffective assistance of counsel. In December 2021, they asked her to step down and were determined to find a different attorney.

81.   Attorney Beskrone argued with Ken and Janice over their request for her to withdraw as their counsel, asking them why and they explained. She finally agreed and withdrew from the case in February, 2022. She gave them their case file and later, Kristina noticed that specific Microsoft Outlook documents had been converted to a PDF Document then altered and/or redacted prior to release of the case file.

82.   Ken, Janice, and Kristina have tried continually for the past two years to acquire legal representation for Ken and Janice, contacting as many as 35 attorneys and even some from other surrounding states. They paid one lawyer $300 who listened to their story, but wouldn't take their case. All of the attorneys contacted refused to represent Ken and Janice.

83.   When they could not find any attorney to represent them during the Court of Chancery trial, Ken and Janice notified the court in writing in March and April of 2022. These documents were filed with the Court of Chancery. Ken and Janice would continue to bring information and evidence to put in their file at the Court, and each time the court employees were inconsistent regarding charges when the documents were filed. Sometimes the court charged $2 for a document or $10 for a document, and other times Ken and Janice were sent a bill for the fees.

84.   The Courts did not necessarily date stamp the documents or properly ensure that they were put in Ken and Janice's court file for review by defendant Master in Chancery Patricia Griffin.

85.   Ken and Janice continue to incur emotional distress and mental anguish as a result of not

being able to find legal counsel, having to represent themselves and the separation, remoteness, loneliness, seclusion, inaccessibility, sequestration, and isolation from all immediate family members. Due to the severe elder abuse and stress, just prior to the trial, Janice experienced a terrible fall on April 22, 2022 and was hospitalized for the third time in early 2022.

86.   Ken notified defendant Master Griffin in writing on April 28, 2022 that his wife had fallen and would not be able to appear at trial. However, Master Griffin was unaware and it is doubtful that she even reviewed crucial documents submitted by plaintiffs prior to trial on May 3-4, 2022.

87.   During the trial held on May 3-4, 2022, Ken Talley could not hear what everyone was saying in the courtroom due to his hearing disability. Ken was bullied during the trial by Master Griffin and Attorney Weidman. Ken had asked for accommodations for the hearing-impaired and educational/learning disability, but no accommodations were not provided. Master Griffin would not let Kristina help her father during the trial.

88.   Ken Talley advised Master Griffin at the trial that Janice was not appearing due to her fall and had notified the Chancery Court prior to the trial, but in a letter to Janice Talley, Master Griffin claimed she was not told. In a letter Master Griffin sent, she scolded Janice Talley for not appearing in person at the trial.

89.   Master Griffin would not allow Ken to receive help during the trial. She disregarded evidence Ken tried to present that showed their agreement which is signed and executed by all parties. Since the beginning, Ken and Janice documented payments made on their family home. Disagreements and the adverse conditions began more than 20 years ago when daughters "Pinky" and Judy began fighting over who was responsible for replacing the roof on the family home. Ken Talley, has replaced the roof on their home two different times with his own two hands. However, Master Griffin would not allow the work Ken completed as evidence, Master Griffin would not allow the cash payment receipts or the property tax payment evidence. Other applicable evidence was deemed as not relevant to the claim of "equitable life estate" entered by Attorney Beskrone. Court employees later sent them a bill for $500 for court fees and evidence Ken had presented during the trial.

90.   Ken advised the Court of Chancery prior to trial and again at the beginning of the trial, insisting that he

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

was unable to represent himself due to his hearing and learning disabilities. On April 6, 2022, Janice Talley also wrote a letter to The Court of Chancery to say they could not find an attorney, but the Court of Chancery ignored the information. With a sixth grade education, Ken should not be forced to proceed pro se. (**EXHIBIT C**).

91.   Janice Talley was forced to proceed pro se during a Zoom hearing that was held on June 10, 2022, which was only four days after Janice was released from the nursing home. During this hearing, the Court of Chancery took advantage of Janice since she was elderly, unrepresented, and legally unaware. Kristina was not allowed to be present or provide help to Janice during the Zoom call.

92.   In October 2022, Master Griffin rendered her decision as no interest in the property as an equitable life estate or constructive trust. Ken and Janice had no interest in establishing an equitable life estate and they did not agree with Attorney Beskrone's filings on their behalf. Ken and Janice Talley have a financial interest in their family home. Ken and Janice did not agree with Attorney Beskrone's actions and did not understand the term "an equitable life estate." The court ruling did not mention that Ken and Janice would be leaving their family home or contain any language that included the words "criminal trespassing".

93.   Darren Horn, Sr. took the ruling to the Delaware State Police in early November, 2022. On three separate occasions, the Delaware State Police were sent to harass Ken Talley with statements of criminal trespassing and orders to vacate his home due to the Court of Chancery decision. The Sergeant left strange typed letters for Ken, Krisina, and Kurt that stated they were criminally trespassing, however, no official business card was included and no actual criminal charges were ever filed for criminal trespassing.

94.   Judy had already taken Ken and Janice's electric account by physical force and in November of 2022, instructed the Delaware Electric Cooperative company to shut off the electrical service to the home of two elderly citizens.

95.   After the electricity was turned off by the utility company, Judy became very angry that her father began using a generator and would not leave after the power was disconnected. As part of their schemed plan in November, 2022, defendants Judy, Darren Sr., Darren Jr., and Kevin Talley maliciously disabled the heater to disable the heat and/or start a fire in the basement by tampering with the electrical wires that ignite the oil furnace while Ken was home alone. (**EXHIBIT D**).

96.  Kevin Talley conspired with Judy, Darren Sr., and Darren Jr. to cross the ignition wires, hoping no heat in the house or a fire would force Ken out. They intend to split the money from the sale of the real estate, and Kevin's part was to cause the oil furnace to malfunction and/or catch fire. This effort ultimately failed when Ken Talley was able to have a qualified technician repair the oil furnace.

97.  In Judy's effort to force him out, Judy instructed the electric company to shut off power to their family home, which directly caused Ken further intentional emotional distress,.

98.  Delaware Electric Cooperative, Inc. is the only electricity provider in the area. However, the utility company had acted on Judy's behalf when the power was shut off to the family home. In January 2023, Delaware Adult Protective Services contacted the utility company and requested they turn on the electricity to the family home due to the fact that purposefully turning off the electricity during the winter months constitutes elderly abuse. The utility provider refused the request from Adult Protective Services.

99.  Ken, Janice, Kristina, and Kurt have been living without electricity since November 7, 2022 and have been struggling to keep on the power in the cold weather, being forced to use generators to provide the power required to heat their home, keep the water pipes from freezing and protect their personal belongings.

100. In November 2022, Ken was afraid and living in fear of his home being burned down and all of his possessions being lost. Ken filed for Protection from Abuse in the Family Court of Delaware. Judy and Darren Sr.'s Attorney, David Weidman, with Sergovic Carmean Weidman McCartney and Owens, P.A., represented them in Family Court, while Ken Talley had no representation.

101. In December 2022, Kristina acquired a durable power-of-attorney for her parents, Ken, and Janice. She then filed a miscellaneous civil complaint for adverse possession in the Superior Court of Delaware.

102. Ken and Janice Talley's civil complaint was rejected immediately by Judge Conner who stated in a letter that the complaint was dismissed. In the same letter, Judge Conner accused Kristina of practicing law illegally, without a license, and stated that Kristina was attempting to represent her elderly parents as their lawyer. However, Kristina was not representing her parents as an attorney. She was simply trying to help her elderly parents file complicated legal documents with the Superior Court of Delaware.

103. Defendants Master Griffin, the Court of Chancery, Judge Conner, and the Superior Court of

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Delaware are well aware that there are at least 16 cases all the way up to the United States Supreme Court that say anyone can help a person with a legal matter as long as they do not present themselves as an attorney and they do not accept a fee. (see *Johnson v. Avery*)

104. Kristina has never practiced law illegally, or presented herself as a lawyer, she did not take a fee. She was trying to help her elderly parents after Judith's abusive efforts to remove them from their home by force after they have lived in their family home for 33 years.

105. Attorney Beskrone and Attorney Weidman had conspired together and influenced other lawyers not to represent the plaintiffs, so they would not have proper representation in court and ultimately lose their case. David Weidman had also conspired and impeded all of the plaintiffs requests for family mediation so that Attorney Weidman and Sergovic Carmean would financially benefit.

106. On or about December 21, 2022, Attorney Weidman filed an order for ejectment by force in the Delaware Superior Court, which Ken was served by the Sheriff on Jan. 9, 2023. Ken, Kristina, and Kurt were given 20 days to respond and a hearing was set for February 3, 2023.

107. Ken and Janice continued to try and find legal counsel, but to no avail. They filed a motion to dismiss unless all parties could be joined on January 24, 2022. They also submitted a motion for a continuance on January 26, 2022. The plaintiff's motions were denied by Judge Conner.

108. At the hearing on February 3, 2023, plaintiffs had substantial evidence to present to the Delaware Superior Court that they were the true owners of their family home. Janice traveled on a handicap bus for 6 hours and spent 5 hours in the courthouse but was not allowed to join or present evidence to the court. However, Attorney Weidman objected, and Judge Conner was angry, not allowing them to speak during the hearing or present additional evidence.

109. At the hearing on February 3, 2023, Judge Conner stated that the plaintiffs would each be given 30 minutes to speak. Instead, he only allowed Kurt to speak for approximately 5 minutes, after Kristina requested a listening device, Ken was only allowed to say a few words but not allowed to present his physical evidence, Judge Conner was visibly angry during the hearing forcing Kristina to stop helping her father, then Kristina was

forced to go sit down, and Janice Talley was not allowed to speak or present physical evidence during the hearing.

110. Janice Talley was physically unable to attend the Court of Chancery trial in May of 2022 and Janice was not permitted to submit her physical evidence during the Court of Chancery Zoom call in June of 2022. However, she was physically able to attended the Delaware Superior Court hearing and properly notified the court of her intention to appear in person at the hearing. Janice had traveled for many hours in order to appear in Delaware Superior Court and she was extremely distraught that after all of her efforts to notify the court and travel to the hearing, Janice was once again not permitted to submit her physical evidence or speak during the Delaware Superior Court hearing on February 3, 2022.

111. During the hearing, Judge Conner announced that he had reviewed the evidence submitted, and the plaintiffs had presented no sufficient evidence, however Ken and Janice were unable to submit evidence during the hearing. Judge Conner was angered and scolded Ken Talley for removing Attorney Beskrone as his legal counsel, then he refused to hear any more from the plaintiffs and he stated angrily that he was making a judgment. He then granted Attorney Weidman's order for forced ejectment.

112. Judge Conner ruled based on *res judicata*, and stated that the Superior Court of Delaware was upholding the Court of Chancery's ruling. Judge Conner then proceeded to write on the order to document his effort to finalize his ruling of forced ejectment from the family home after March 17, 2023. Attorney Beskrone engaged in ineffective assistance of counsel as the court paperwork to establish an "equitable life estate or constructive trust" was never explained, reviewed, or approved by Ken and Janice Talley before it was submitted by their legal counsel. Then the plaintiffs were denied due process during the Court of Chancery trial. Judge Conner's ruling based on res judicata did not consider that the plaintiff's claims were not identical and the parties were not the same. The plaintiffs did not file an appeal to the Court of Chancery ruling because they have physical evidence to show their ownership rights. Attorney Beskrone engaged in negligence by withholding their physical evidence and further engaged in legal malpractice by taking deliberate action against her clients. She filed court documents on their behalf without ever explaining the term(s) "equitable life estate or constructive trust", to her clients, Ken, and Janice Talley. **(EXHIBIT E)**.

113. After the order for forced ejectment Ken became even more suicidal. On February 4, 2023, a Medicare nurse interviewed him for his annual wellness checkup. The Nurse stated in her report that ejectment by force would likely cause a "loss of life" situation for Ken. Mr. Talley's life has been disregarded by the defendants. Ken deems his life as inconsequential and of less value than the real estate property.

114. That same day, Ken Talley contacted a friend for assistance. He told his friend that he was suicidal due to being forcefully ejected from his home after 33 years, and he felt his life would be better if it ended. The mental anguish and emotional distress of the litigation is visibly taking its toll on his health.

115. Plaintiffs were unaware of the violation of their civil rights and the negligence/fraud-related crimes which had occurred until they spoke with a friend on or about February 4, 2023.

116. On or about February 13, 2023, Ken Talley filed an appeal of Judge Conner's order for forced ejectment ruling with the Delaware Supreme Court and ordered a copy of the transcript.

117. On or about February 24, 2023, the plaintiffs friend drafted documents on behalf of the defendants to send to each party to make an effort in good faith to resolve this matter prior to litigation, but to no avail.

118. Judy, Darren Sr., and Darren Jr. conspired against the plaintiffs for the purpose of financial gain and increased home values in the local real estate market. Ken and Janice Talley's home is located 14.6 miles from the $2.7 million dollar, 6-bedroom, 5.5-bedroom, 4,786-square-foot vacation home of American politician Joseph R. Biden, in the North Shores neighborhood of Rehoboth Beach, Delaware. The real estate market at "the beach" area of Delaware is highly profitable. Ken and Janice Talley's house is close to Broadkill Beach. Judy, Darren Sr., and Darren Jr. use the real estate as an investment. Another reason the defendants have conspired against Ken and Janice Talley was because they do not like Kristina. Defendants specifically exploited Kristina's status as a citizen and conspired against the plaintiffs. Kristina Talley trusts *The Real Commander In Chief Of The United States Of America*.

In fact, Attorney Beskrone had made political comments and harassed Mrs. Talley such as "Janice, you must vote for Joe Biden, not Donald Trump" and "Janice, you cannot watch Fox news."

119. Ken and Janice Talley were severely distraught over the intentional acts of the attorneys, Master

22

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Griffin, Judge Conner, other court officials, the utility company, and family members in this matter. Defendants do not care about the lives of two elderly citizens. Family members engaged in malicious conduct in order to make a profit from the sale of the real estate property.

120. Due to their willful and malicious conduct involving conspiracy and collusion, the defendants conspired in a schemed plan against the plaintiffs to deny their civil rights under the Fifth and 14th Amendments pursuant to 42 USC 1983 to cause them severe emotional distress and bodily injury.

121. Ken and Janice's own lawyer, Attorney Beskrone with CLASI, had given them ineffective assistance of counsel intentionally as part of the schemed plan by the defendants so that they would lose their court battle and the right to live in the family home. She withheld evidence that proves their ownership.

122. The Court of Chancery functions as a traditional court of equity with increased emphasis on the full disclosure of all material facts in a case, which the court failed to do in this matter. They abused their discretion by deciding specific performance of the parties' agreement without considering all of the evidence, and did not fashion an equitable remedy suited to the circumstances.

123. Thereafter, the Delaware Superior Court abused its discretion by relying solely on the decision of the Court of Chancery and took advantage of the plaintiffs, who had no legal expertise. The Delaware Superior Court was part of the conspiracy which **forced** the plaintiffs to have to proceed *pro se*.

124. As a result of the unethical and illegal practices of the defendants in this matter, plaintiffs were and are currently subjected to such severe emotional distress that no person should have to endure. There was prejudice against the plaintiffs on the part of the Court of Chancery and the Delaware Superior Court by both Master Griffin and Judge Conner in this matter and extreme leniency toward Attorney Weidman, Attorney Beskrone, Judy Horn and Darren Horn, Sr.

125. Defendants The Court of Chancery, Master Patricia Griffin, the Superior Court, Judge Mark Conner, Sergovic Carmean, Attorney Weidman and Attorney Beskrone were all involved in the effort to cause severe emotional distress and/or influencing attorneys not to represent Ken and Janice Talley to cause them even further emotional distress, loss, and bodily harm so they would give up their fight.

126. Judge Conner illegally granted judgment and ordered the forced ejectment of Ken, Kristina,

and Kurt from the family home, not recognizing that Ken and Janice Talley are the true owners. Judy Horn was the exclusive "agent" of this collusive effort of elderly abuse in her effort to deny her own parents their rights and deprive them of their property for her own monetary gain.

127. Plaintiffs are justified in their claims involving tort of outrage and outrageous government conduct in this matter. Due to such outrageous government conduct, Ken and Janice Talley have been unable to obtain effective assistance of counsel to date and must proceed *pro se* in this matter. Therefore, extraordinary circumstances apply with regard to their lack of legal representation.

128. The defendants' acts were willful and malicious to cause intentional emotional distress to plaintiffs to harass and intimidate in their concentrated effort to force the plaintiffs to move out of their family home and to influence other attorneys not to represent the plaintiffs.

129. Plaintiff Ken Talley's injuries include but are not limited to: suffering severe depression such that he continues to contemplate suicide, blood pressure issues, heart problems, further exacerbation of his COPD, PTSD, insomnia, and continued mental anguish from the separation, remoteness, loneliness, seclusion, inaccessibility, sequestration, and isolation from his children, grandchildren, and family members.

130. Plaintiff Janice Talley's injuries include but are not limited to: suffering severe depression such that she continues to contemplate suicide, incurring a bad fall in April 2022 which resulted in hospitalization. Increased heart problems, further exacerbation of diabetes, COPD, hypertension, cardiac conditions, insomnia, and continued mental anguish from the separation, remoteness, loneliness, seclusion, inaccessibility, sequestration, and isolation from her children, grandchildren, and family members. Janice Talley has developed Parkinson's disease.

131. Plaintiff Kristina Talley's injuries include but are not limited to: severe exacerbation of her Cyclic Vomiting Syndrome, insomnia, and continued mental anguish as well as loss of affection and isolation from all of her immediate family members.

132. Plaintiffs have demanded that defendants take action to make plaintiffs whole for their losses. Defendants have refused plaintiff's demands.

## E. LAW AND ANALYSIS

133. Defendants violated numerous national laws, statutes, ordinances, and regulations, including but not limited to: denial of their right to due process of law not to be deprived of their property under the Fifth Amendment to the United States Constitution, as incorporated to the States through the 14th Amendment, 42 USC 1983 Denial of Rights Under Color of Law, 18 USC 242, conspiracy/collusion, fraud/ misrepresentation, negligence/legal malpractice, ineffective assistance of counsel, breach of contract and intentional emotional distress.

42 USC 1983 Denial of Rights Under Color of Law states:

*"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."*

This applies to the plaintiffs through the states under the 14th Amendment, since *"all persons shall not be deprived of ... life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."* U.S. Const., Amdt. 14, § 1.

The overt acts of fraud and collusion in this matter which were engaged in by the defendants in a schemed plan to deprive plaintiffs of their property include, but are not limited to: Judy and Darren Horn, Sr.'s illegal removal of Ken and Janice Talley's names from the deed to their home when they purchased it from friends for $36,000 in November 1989, Darren Horn, Jr. forging his father's signature on real estate documents, documents not notarized and/or with different dates and other discrepancies, Judy, swearing to Ken and Janice they could live in their home until they died and then breaching the verbal contract, Darren Jr. trying to force plaintiffs out by harassment, intimidation, verbal abuse and elderly abuse, Judy instructing Delaware Electric Cooperative, Inc. to turn off the electricity so plaintiffs would freeze in the winter weather, Judy sending the Delaware State Police to harass plaintiffs with criminal trespassing but never charging them, Kevin Talley deliberately crossing wires to maliciously turn off the heat in winter and/or start a fire in the basement of their home while Ken was asleep,

25

conspiring with Attorney Beskrone and CLASI to pretend to represent the plaintiffs' best interests and then fraudulently handle their case in the best interests of David Weidman, Judy Horn, Darren Horn, Sr., Darren Horn, Jr., and Kevin Talley. David Weidman influencing other attorneys in the area not to represent plaintiffs after they asked Attorney Beskrone to withdraw, Chancery Court employees pretending to file documents and evidence for Ken and Janice Talley's court case when Kristina would take it to them, but not actually date stamping the documents or entering them into the case file properly, conspiring with Master in Chancery Griffin and Judge Conner to order ejectment by force of the plaintiffs while knowing they were the true owners, Judge Conner denying the plaintiffs the right to speak in Delaware Superior Court after telling them they would be allowed 30 minutes each, as well as meetings, telephone calls, e-mails, correspondence, and other communications in their attempt to illegally deprive the plaintiffs of their family home where they had lived consecutively for 33 years. Furthermore, these communications were the overt acts used by the defendants to deny Ken and Janice Talley their right to be heard in the Court of Chancery, Delaware Family Court, and the Delaware Superior Court based on Delaware Civil Rules. The overt acts used by the defendants violate Elder Abuse Delaware Law TITLE 31, Chapter 39, Adult Protective Services, 3902 (12) regarding financial exploitation of plaintiffs using "deception, intimidation or undue influence," as well as other dishonest conduct of courts, lawyers, judges, court employees, and the utility provider in this matter. This case warrants claims involving tort of outrage, bad faith, outrageous government conduct and manifest injustice. The defendants' acts and failures to act are criminal in nature as they are indicative of legalized property theft from the plaintiffs, and depicts a total disregard for their "loss of life" condition and the elder abuse actions toward them that caused intentional emotional distress. Plaintiffs also ask this Honorable Court to allow injunctive relief enjoining the defendants from continuing their harm, and any other relief deemed just and equitable by the court. The federal court has jurisdiction in this matter under 28 USC 1331 since plaintiffs' Constitutional rights were violated. Accordingly, plaintiffs are justified in alleging each of the following claims against the defendants.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

## F. CAUSES OF ACTION

### 1.      Violations of Plaintiffs' Fifth Amendment Rights

### (as incorporated to the States through the 14th Amendment)

134. Plaintiffs incorporate by reference paragraphs 1 through 133 of this Complaint.

135. The conduct of the defendants in depriving Ken and Janice Talley of their property, which is their family home for 33 years, without due process of law, constitutes a violation of the plaintiffs' rights under the Fifth Amendment to the United States Constitution, as incorporated to the States through the 14th Amendment.

136. The defendants owed plaintiffs a duty under the Fifth and 14th Amendments not to violate their rights under the United States Constitution as citizens of the United States. The defendants' overt acts of fraud which denied plaintiffs due process of law include: (1) Judy breaching a verbal agreement and contract made with Ken and Janice Talley that they could live in the family home until they died and then trying to force them out; (2) Judy depriving Ken of his financial assets by making him continually pay to live in the family home, Judy depriving Ken of his actual work income for over 30 years, Judy denying that Ken and Janice have paid her directly for their family home many times over and refusing to restore legal title to the true owners; (3) Attorney Weidman influencing Attorney Beskrone with CLASI not to give plaintiffs effective assistance of counsel so they would lose; (4) Defendants intentionally causing severe emotional distress and/or influencing attorneys not to represent the plaintiffs after Ken and Janice fired Attorney Beskrone; (5) Attorney Beskrone conspiring with Attorney Weidman and Sergovic Carmean to handle this matter unethically without allowing all of the facts and evidence to be allowed in order to ensure that plaintiffs would lose; (6) Judy, Darren Sr., Darren Jr. and Kevin Talley conspiring to start an electrical fire/turning off the electricity/ sending the State Police to harass Ken three times for criminal trespassing; (7) Master Griffin not allowing Kristina to help Ken or Janice during the Court of Chancery trial and Judge Conner accusing Kristina of illegally practicing law, when both knew she was legally allowed to help her parents with their legal matter; (8) Judge Conner denying plaintiffs the right to speak in court for 30 minutes; (9) both the Court of Chancery and Superior Court of Delaware denying plaintiffs due process and granting ejectment by force when they knew that Ken and Janice were the true owners of the family home;

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

(10) Delaware Electric Cooperative, Inc. turning off the electrical power at the request of Judy Horn without any regard for their health or safety.

137. The conduct of the defendants to participate in a conspiracy with Attorney Beskrone to deprive Ken and Janice Talley of their family home and their right to be heard was an obvious interference with attorney/client privilege.

138. Plaintiffs relied in good faith that the attorneys, Master Griffin, Judge Conner, other court officials, and their utility company, would act legally and ethically in resolving this legal matter so that a just decision would be rendered.

139. The illegal and unethical conduct of the defendants constitutes denial of plaintiff's due process rights under the Fifth and 14th Amendments to the United States Constitution.

140. The defendants breached the duty owed plaintiffs and willfully deprived Ken and Janice of their Property, where Kristina also lives, and their right to be heard.

141. As a result of the defendants' conduct to deprive plaintiff of their due process rights, plaintiffs have suffered damages in excess of $75,000.00.

WHEREFORE, plaintiffs respectfully requests judgments of the court against all of the defendants awarding to plaintiffs (i) damages in excess of $75,000.00 for each defendant; (ii) pre- and post-judgment interest; (iv) costs, including reasonable attorney fees for this action; (v) injunctive relief enjoining the above named defendants from continuing plaintiffs' right to equal protection; and (vii) any other relief deemed just and equitable by the court.

## 2.     Civil Conspiracy and/or Collusion

142. Plaintiffs incorporate by reference paragraphs 1 through 141 of this Complaint.

143. The conduct of the defendants to devise a plan to deprive Ken and Janice Talley of their family home by colluding and conspiring in the schemed plan for ejectment by force of Ken, Kristina, and Kurt, which includes but is not limited to: Judy Horn, Darren Horn Sr., and Darren Horn, Jr. intentionally defrauding the plaintiffs by filing altered real estate documents, convincing the defendants to participate in the schemed plan,

colluding and conspiring with other defendants and family members as well as the utility company to forcefully eject plaintiffs, for financial gain, constitutes civil conspiracy and/or collusion.

144. By participating in the schemed plan to deprive Ken and Janice Talley of their family home as well as Judy and Darren Horn Sr.'s efforts to continually deprive Ken of his assets which include his life's work and savings, the defendants acted with the intent of engaging in illegal and unethical activities to deprive them of their property and force Ken and Janice out of their family home, having full knowledge that such acts were substantially certain to result in injury, loss, and detriment to the plaintiffs.

145. The conduct of the defendants in conspiring to deprive Ken and Janice of their family home, deprive Ken and Janice of their income, assets and accounts, cause serious damage to their health, and destroy all of their immediate family relationships, constitutes civil conspiracy and/or collusion.

146. The conduct of all of the defendants set forth herein constitutes civil conspiracy and/or collusion.

147. As a result of the defendants' civil conspiracy and/or collusion, plaintiffs have been damaged in excess of $75,000.00.

WHEREFORE, plaintiff respectfully requests judgments of the court against all of the defendants awarding to plaintiffs (i) damages in excess of $75,000.00 for each defendant; (ii) pre- and post-judgment interest; (iv) costs, including reasonable attorney fees for this action; (v) injunctive relief enjoining the above named defendants from continuing plaintiffs' right to equal protection; and (vii) any other relief deemed just and equitable by the court.

### 3. Fraud and Misrepresentation

148. Plaintiff incorporates by reference paragraphs 1 through 147 of this Complaint.

149. By participating in a schemed plan to engage in overt acts to fraudulently deprive Ken and Janice Talley of their family home, defendants Judy Horn, Darren Horn Sr. and Darren Horn Jr. had full knowledge that their acts and failures to act were substantially certain to result in injury and detriment to plaintiffs. These include but are not limited to: Judy and Darren Sr. falsifying real estate documents and continually depriving Ken of his income and assets over many years. Overt acts via email messages, telephone calls, meetings and verbal and written communications.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

150. At all relevant times, the defendants recognized that engaging in the fraudulent overt acts to remove Ken and Janice Talley from their family home after 33 years would result in mental anguish and severe detriment to plaintiffs and their family.

151. Defendants have knowledge or means of knowing that the plaintiffs are honest and trustworthy citizens and that they are legally in possession of their family home. At all relevant times, plaintiffs were without knowledge or means of knowing that the court system was untrustworthy. They were trusting and relying on the knowledge of Sergovic Carmean, Attorney Weidman, Attorney Beskrone, CLASI, the Court of Chancery, Superior Court of Delaware, and other court employees, to conduct and participate in court proceedings legally and ethically.

152. At all relevant times, plaintiffs believed and relied that the attorneys, Master Griffin, Judge Conner, other court officials, the utility company, and family members were acting in good faith. Believing that the legal proceedings were being conducted in an ethical manner. Also believing that the public utility provider services were conducted in an ethical manner.

153. At all relevant times, plaintiffs were unaware of the defendants' participation in a plan to deprive Ken and Janice of their property, income, and assets, and that they were acting with willful rendering of imperfect performance in their respective positions.

154. At all relevant times, the defendants' participation in the schemed plan to deprive Ken and Janice of their family home was with willful and wanton intent and with full knowledge that their conduct was substantially certain to result severe emotional distress, bodily harm and/or death to the plaintiffs.

155. The defendants' conduct to engage in the schemed plan was to inflict emotional distress on plaintiffs by turning off the electricity and abusing their power which constitutes a knowing misrepresentation of the truth and concealment of material facts to induce plaintiffs to act to their detriment.

156. The conduct of the defendants to engage in the aforementioned schemed plan constitutes fraud and misrepresentation.

157. As a result of the defendants' fraud and misrepresentation, plaintiffs have been damaged in excess of $75,000.00.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

WHEREFORE, plaintiffs respectfully request judgments of the court against all of the defendants awarding to plaintiffs (i) damages in excess of $75,000.00 for each defendant; (ii) pre- and post-judgment interest; (iv) costs, including reasonable attorney fees for this action; (v) injunctive relief enjoining the above named defendants from continuing plaintiffs' right to equal protection; and (vii) any other relief deemed just and equitable by the court.

### 4.     Elder Abuse Pursuant to Delaware Law TITLE 31, Chapter 39
### (Applies to Plaintiffs Kenneth Talley and Janice Talley only)

158. Plaintiffs incorporate by reference paragraphs 1 through 157 of this Complaint.

159. By participating in the schemed plan to deprive 86-year old Ken Talley and 81-year old Janice Talley of their family home, the defendants acted with the intent of engaging in illegal and unethical activities to deprive the plaintiffs of their property and forcefully eject Ken and Janice from their family home, having full knowledge that such acts were substantially certain to result in injury, loss, and detriment to the plaintiffs.

160. The malicious conduct of the defendants toward plaintiffs Ken and Janice includes, but is not limited to: family members sending degrading and disparaging text messages; Darren Jr. intimidating them by mailing them nursing home literature; isolating them from other family members; not allowing any contact with their great grandchildren; Attorney Weidman harassing the plaintiffs during the depositions with serious accusations of child abuse which was abusive and irrelevant; Attorney Beskrone failing to object to these child abuse allegations during the depositions; Master Griffin engaged in elder abuse, she intimidated the plaintiffs, and failed to provide disability accommodations during the Court of Chancery trial; Judy directing the utility provider to turn off the power during the winter to try and force the plaintiffs out; the utility provider, Delaware Electric Cooperative Inc., turning off the electricity, to try and force the plaintiffs out; Judy and Darren Sr., sending the State Police to harass Ken with false claims of criminal trespassing; Judy, Darren Sr., Darren Jr., and Kevin conspiring; and subsequently Kevin physically tampered with the oil furnace wiring in the planned effort to disable the heat during winter and/or start a fire using the heater in the basement to burn them out; and Attorney Weidman filed an initial court action to scare the plaintiffs by insisting that the plaintiffs would be forcefully ejected and removed from their own home after 33 years, by the Sherrif, with only two days to move their

31

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

belongings; and Judge Conner engaged in elder abuse, intimidated the plaintiffs, and openly expressed hostility and anger towards the plaintiffs during the Superior Court hearing when they tried to speak or introduce evidence.

161. The conduct of the defendants in conspiring to deprive Ken and Janice Talley of their family home which they knew they had paid for destroyed family relationships and damaged their health in violation of Elder Abuse Laws pursuant to Delaware Law TITLE 31, Chapter 39, 3902 (12) regarding financial exploitation of plaintiffs by "the use of deception, intimidation or undue influence" and (14) "Hazardous living condition" means a mode of life which contains a substantial risk of physical injury, or mental distress, or exploitation. The Delaware Supreme Court maliciously refused to restore electrical power. **(EXHIBIT F)**

162. The conduct of all of the defendants set forth herein constitutes violations of Elder Abuse Laws pursuant to Delaware Law TITLE 31, Chapter 39.

163. As a result of the defendants' violations of the aforementioned Delaware Elder Abuse Laws, plaintiffs Ken and Janice Talley have been damaged in excess of $75,000.00.

WHEREFORE, plaintiff respectfully requests judgments of the court against all of the defendants awarding to plaintiffs (i) damages in excess of $75,000.00 for each defendant; (ii) pre- and post-judgment interest; (iv) costs, including reasonable attorney fees for this action; (v) injunctive relief enjoining the above named defendants from continuing plaintiffs' right to equal protection; and (vii) any other relief deemed just and equitable by the court.

### 5.    Intentional Infliction of Emotional Distress

164. Plaintiff incorporates by reference paragraphs 1 through 163 of this Complaint.

165. The defendants' conduct in participating in a schemed plan to deprive plaintiffs Ken and Janice Talley of the right to live in their own home after 33 years was extreme and outrageous.

166. At all relevant times, the defendants' participation in the schemed plan was intentional and with full knowledge that their conduct was substantially certain to result in severe emotional distress, bodily harm, loss, and even death to plaintiffs Ken and Janice Talley.

167. The conduct of the defendants to participate in a schemed plan to deprive plaintiffs Ken and

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Janice Talley of their right to live in their own home after 33 years was in bad faith, and violated the duties of good faith and fair dealing toward the plaintiffs in this matter. The conduct of the defendants to engage in a schemed plan to deprive plaintiffs Ken and Janice Talley of their rights by participating in deliberate acts of elder abuse, was in bad faith, and violated the duties of good faith and fair dealing toward the plaintiffs in this matter. The conduct of the defendants to participate in a schemed plan to deprive plaintiffs Ken and Janice Talley of electrical power and heat during the winter, was also in bad faith, and violated the duties of good faith and fair dealing toward the plaintiffs in this matter.

168. The conduct of the defendants was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Reciting the facts in this matter to any person causes shock and results in mistrust toward all defendants, which leads Ken and Janice Talley to exclaim: "Outrageous!"

169. Due to the defendants' acts and failures to act, plaintiffs suffered extreme emotional distress, mental anguish and bodily harm.

170. The outrageous conduct of the defendants constitutes intentional infliction of emotional distress.

171. As a result of the outrageous conduct by all defendants, plaintiffs have been damaged in excess of $250,000.00.

WHEREFORE, plaintiffs respectfully request judgment of the court against all of the defendants awarding to plaintiffs (i) damages in excess of $250,000.00 for each defendant; (ii) pre- and post-judgment interest; (iv) costs, including reasonable attorney fees for this action; (v) injunctive relief enjoining the above named defendants from continuing plaintiffs' right to equal protection; and (vii) any other relief deemed just and equitable by the court.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Respectfully submitted,

By: _Kenneth R Talley_
Kenneth Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 249-0497

By: _Janice Talley_
Janice Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 682-4589

By: _Kristina Talley_
Kristina Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 650-3154

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

Respectfully submitted,

By: _Kenneth R Talley_
Kenneth Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 249-0497

By: _Janice Talley_
Janice Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 682-4589

By: _Kristina Talley_
Kristina Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 650-3154

## DESIGNATION OF TRIAL

Plaintiff designates Wilmington, Delaware as the location for the trial in this matter.

Respectfully submitted,

By: _Kenneth R Talley_
Kenneth Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 249-0497

By: _Janice Talley_
Janice Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 682-4589

By: _Kristina Talley_
Kristina Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 650-3154

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, hereby certify that on this _____ of _____, 2023, a copy of the above and foregoing Complaint and Summonses were filed with the United States District Court for the District of Delaware, and copies deposited in the United States mail, certified, return receipt, and properly addressed, to the following:

Darren Sr. & Judy Horn
719 Route 12
Westmoreland, NH 03467

Darren Horn, Jr.
42 Spring Street
Spofford, NH 03462

Kevin Talley
2593 Shaws Corner Road
Clayton, DE 19938

Court of Chancery
Attn: Clerk of the Court
34 The Circle
Georgetown, DE 19947

Master Patricia Griffin
Wolfe Pointe
18543 Foxfield Lane
Lewes, DE 19958

Delaware Superior Court
Attn: Myrtle A. Thomas,
Prothonotary, 1 The Circle # 2
Georgetown, DE 19947

Judge Mark H. Conner
Delaware Superior Court
1 The Circle # 2
Georgetown, DE 19947

Community Legal Aid Society, Inc.
Attn: William Chapman
Potter Anderson Corroon, LLP
1313 North Market Street
Wilmington, DE 19801

Olga Beskrone
Pinecrest
2 Pinecrest Drive
Wilmington, DE 19810

Sergovic Carmean Weidman
McCartney & Owens, P.A.
Attn: David Weidman
25 Chestnut Street
Georgetown, DE 19947

David Weidman
30806 Mills Ridge Road
Lewes, Delaware, 19958

Delaware Electric Cooperative, Inc.
Attn: Rob Book, President
14198 Sussex Highway
Greenwood, Delaware 19950

By: _Kenneth R Talley_
Kenneth Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 249-0497

By: _Janice Talley_
Janice Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 682-4589

By: _Kristina Talley_
Kristina Talley, *pro se*
28289 Broadkill Road
Milton, Delaware 19968
Phone: (302) 650-3154