IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH R. TALLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 23-324 (MN) |
| | ) |
| JUDITH C. HORN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Kenneth R. Talley, Janice A. Talley, and Kristina Karen Talley, Milton, DE – Pro Se Plaintiffs.

Tyler Friedman, SERGOVIC CARMEAN WEIDMAN MCCARTNEY & OWENS, P.A., Georgetown, DE – Attorney for Judith C. Horn, Darren W. Horn, Sr., Sergovic Carmean Weidman McCartney & Owens, P.A., and David Wiedman.

Caneel Radinson-Blasucci, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – Attorney for Defendants Court of Chancery of The State of Delaware, Patricia W. Griffin, Superior Court of the State of Delaware, and Judge Mark H. Conner.

Matthew P. Donelson and John A. Elzufon, ELZUFON AUSTIN TARLOV & MONDELL PA, Wilmington, DE – Attorneys for Defendant Community Legal Aid Society, Inc. and Olga Beskrone.

David J. Soldo, MORRIS JAMES LLP, Wilmington, DE – Attorney for Defendant Rob Book.

Kevin R. Talley – Pro Se Defendant.

Darren W. Horn, Jr. – Pro Se Defendant

February 7, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiffs Kenneth R. Talley, Janice A. Talley, and Kristina Karen Talley, proceeding *pro se*, filed this lawsuit against several family members, two private practice attorneys, a law firm, a legal aid organization, two state court judges, two state courts, and an electrician. (D.I. 1). Plaintiffs' allegations arise from a dispute with their family members over the ownership of a home, and related state-court litigation. Defendants, in different pairings, move for dismissal of the Complaint for lack of jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 8, 9, 10, 14, 23).

I. **BACKGROUND**

On March 23, 2023, Plaintiffs initiated this action. At the time, Delaware state courts had issued two judgments against them related to a home ownership dispute with their family.

Specifically, on October 21, 2022, the Court of Chancery issued an order entering judgment in favor of Judith and Darren Horn, and holding that Kenneth and Janice have no interest in the property at issue. (D.I. 8-1 at 15-39). On February 3, 2023, the Delaware Superior Court entered an ejectment order, directing Kenneth and Kristina to vacate the property by March 17, 2023. (*Id.* at 66-68). On February 13, 2023, Plaintiff appealed the ejectment order to the Delaware Supreme Court. (*Id.* at 70-71).

Plaintiffs' March 23, 2023 Complaint brings a Fifth Amendment claim under 42 U.S.C. § 1983, a claim for violation of 18 U.S.C. § 242, and several state law claims, including conspiracy, fraud and misrepresentation, elder abuse, and intentional infliction of emotional distress. They seek damages and injunctive relief.

1

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017).

### B. Fed. R. Civ. P. 12(b)(6)

Because Plaintiffs proceeds *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).  Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

### III.  DISCUSSION

Federal courts have subject-matter jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).  This is often referred to as diversity jurisdiction. Plaintiffs assert in their briefing that this Court has diversity jurisdiction over their claims against *some* of the Defendants whom they assert are citizens of states other than Delaware.  That, however, is not how diversity jurisdiction is applied; it is an all or nothing enterprise.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (explaining that, when the state of citizenship of a *single* defendant is the same as the plaintiff's state of citizenship, this fact "deprives the district court of original diversity jurisdiction over the *entire* action") (emphasis

3

added). Accordingly, because at least one Defendant is a Delaware resident, this Court lacks diversity jurisdiction over this matter in its entirety.

Federal courts also have jurisdiction over all actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is sometimes referred to as federal question jurisdiction. Plaintiff attempts to brings claims under a federal statute, § 1983, against the State Court Defendants. State courts themselves, however, are immune from suit in federal court under the Eleventh Amendment, *see Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity), and the judges are entitled to judicial immunity from Plaintiff's allegations, *see Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of [her] duties has absolute immunity from suit and will not be liable for [her] judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

With regard to the claims against the remaining Defendants, all of whom are private citizens or entities, to the extent that this Court has federal question jurisdiction,[1] Plaintiffs have failed to state any claims because none of these Defendants acted under the color of state law for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam).

Furthermore, the Third Circuit has long held that § 242 is a criminal statute, which does not confer a private right of action. *See United States v. City of Phila.*, 644 F.2d 187, 198-99 (3d Cir. 1980) (holding that there is no private right of action under § 242); *see also Davis v.*

---

[1] *See Itiowe v. Trentonian*, 620 F. App'x 65, 67 n.2 (3d Cir. 2015) (per curiam) (noting that dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction may be appropriate where a plaintiff brings constitutional claims against non-state actors without plausibly alleging that they acted under the color of state law); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

*Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2017) (per curiam) (noting that "§ 242 is a criminal statute, through which no private cause of action is created").

To the extent that the Court has the option of exercising supplemental jurisdiction over Plaintiffs' state law claims,[2] it will decline to do so.  *See* 28 U.S.C. § 1367(c)(3); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).  Plaintiffs' state law claims will be dismissed, without prejudice, for lack of jurisdiction.

### IV.     CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss.  Amendment is futile.  All state law claims are dismissed without prejudice to the extent that they would be more appropriately brought in state court.

An appropriate Order will be entered.

---

[2]     Defendants suggest that this Court lacks jurisdiction under the *Rooker-Feldman* Doctrine, which precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment. *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 500 (3d Cir. 2018) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)).  Here, Plaintiffs clearly seek review of at least two state-court judgments which they lost.  When the Complaint was filed in this action, however, Plaintiffs' appeal to the Delaware Supreme Court of the Delaware Superior Court's ejectment order was pending.  Accordingly, the Court will decline to apply *Rooker-Feldman*.